IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NOS. WR-75,165-01 and 02






EX PARTE CHARLES BRUCE DICKSON, Applicant








ON APPLICATIONS FOR A WRIT OF HABEAS CORPUS


CAUSE NOS. 2-97-1-A and 2-97-2-A IN THE 382nd DISTRICT COURT


FROM ROCKWALL COUNTY





 Per curiam.

 

O R D E R



 Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the
clerk of the trial court transmitted to this Court these applications for a writ of habeas corpus. Ex
parte Young, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of aggravated
sexual assault and aggravated kidnapping and sentenced to, respectively, life and twenty years'
imprisonment. The Fifth Court of Appeals affirmed his convictions. Dickson v. State, Nos. 05-97-00711-CR and 05-98-00394-CR (Tex. App.-Dallas, delivered January 25, 1999, no pet.). 

 Applicant contends, inter alia, that his trial counsel rendered ineffective assistance because
counsel failed to object to: 

 (1) Improper testimony from the complainant's mother that the jury should impose the
maximum available sentence;

 (2) Improper testimony from the complainant that the jury should impose the maximum
available sentence;


 (3) Improper "were you aware" questions posed to applicant's step-mother who was not a
character witness subject to such questions on cross-examination; and


 (4) Improper jury argument by the State urging the jury to consider and apply the parole law
to applicant's sentence.


 The Applicant further alleges that had counsel properly objected the jury would not have
assessed the maximum sentence allowed under the punishment range applicable to the applicant's
offense. 

 Applicant has alleged facts that, if true, might entitle him to relief. Strickland v. Washington,
466 U.S. 608 (1984); Ex parte Lemke, 13 S.W.3d 791,795-96 (Tex. Crim. App. 2000). In these
circumstances, additional facts are needed. As we held in Ex parte Rodriguez, 334 S.W.2d 294, 294
(Tex. Crim. App. 1960), the trial court is the appropriate forum for findings of fact. The trial court
shall provide Applicant's trial counsel with the opportunity to respond to Applicant's claim of
ineffective assistance of counsel. The trial court may use any means set out in Tex. Code Crim.
Proc. art. 11.07, § 3(d). In the appropriate case, the trial court may rely on its personal recollection. 
Id.

 If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. If
Applicant is indigent and wishes to be represented by counsel, the trial court shall appoint an
attorney to represent Applicant at the hearing. Tex. Code Crim. Proc. art. 26.04. 

 The trial court shall make findings of fact as to whether the performance of Applicant's trial
attorney was deficient and, if so, whether counsel's deficient performance prejudiced Applicant. The
trial court shall also make any other findings of fact and conclusions of law that it deems relevant
and appropriate to the disposition of Applicant's claim for habeas corpus relief.

 This application will be held in abeyance until the trial court has resolved the fact issues. The
issues shall be resolved within 90 days of this order. If any continuances are granted, a copy of the
order granting the continuance shall be sent to this Court. A supplemental transcript containing all
affidavits and interrogatories or the transcription of the court reporter's notes from any hearing or
deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall
be returned to this Court within 120 days of the date of this order. Any extensions of time shall be
obtained from this Court. 




Filed: March 9, 2011

Do not publish